Charles R. JORDAN, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 03–3237.

United States Court of Appeals,
Federal Circuit.

DECIDED: Dec. 4, 2003.

Rehearing Denied Jan. 13, 2004.

Before LINN, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Charles R. Jordan ("Jordan") seeks review of the initial decision and the final order of the Merit Systems Protection Board ("Board") denying his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub. L. No. 103–353, 1994 U.S.C.C.A.N. (108 Stat. 3149) 2449 ("USERRA") (codified as amended at 38 U.S.C. §§ 4301–4333), and dismissing for lack of jurisdiction his claims of discrimination on the basis of race, religion, and age. Because the Board's decision is supported by substantial evidence, we *affirm.*

## BACKGROUND

Jordan was employed by the United States Postal Service ("USPS") as a Letter Carrier. He was also a member of the United States Air Force Reserve. Jordan was ordered to active reserve duty in Cuba from December 14, 1994, to March 16, 1995. ordered to active reserve duty in Cuba from December 14, 1994, to March 16, 1995. Rather than seeking military leave from the USPS during this period, Jordan requested sick leave, annual leave, and leave without pay. When Jordan's supervisor, Wayne Davenport, discovered this, he reported it to his superiors because he believed that Jordan "had deliberately misrepresented his physical condition, so as to receive paid leave from the [USPS] while also being paid to serve in the Air Force." App. at 18. After an investigation, Jordan was charged with

misrepresenting his physical abilities, falsification of a form, and misrepresenting a request for leave. The deciding official sustained the charges, and Jordan was removed from employment with the USPS on July 1, 1995.

On September 28, 2000, Jordan filed a complaint with the Board, alleging that the USPS's decision to terminate his employment violated USERRA because the USPS allegedly discriminated against him because of his military service. He also alleged discrimination on the basis of race, religion, and age. In a first initial decision, the administrative judge rendered judgment on the written record against Jordan. *Jordan v. U.S. Postal Serv.*, No. SF–3443–00–0690–I–1 (M.S.P.B. Nov. 22, 2000) (*"Jordan I"*). On January 9, 2002, the Board vacated the initial decision and remanded the matter for further adjudication because it found that Jordan had "specifically requested a hearing." *Jordan v. U.S. Postal Serv.*, 90 M.S.P.R. 525, 527–28 (2002) (*"Jordan II"*).

After a hearing on remand, the administrative judge held that Jordan had not satisfied his burden pursuant to USERRA, "of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action." *Jordan v. U.S. Postal Serv.*, No. SF–3443–00–0690–B–1, slip op. at 9–10 (M.S.P.B. May 2, 2002) (*"Jordan III"*); *see also Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001). The administrative judge also dismissed Jordan's claims of discrimination based on race, religion, and age, holding that such claims "cannot be litigated in the course of a USERRA appeal." *Jordan III*, slip op. at 20.

On June 18, 2003, the Board denied review. *Jordan v. U.S. Postal Serv.*, No. SF–3443–00–0690–B–1, 94 M.S.P.R. 482, 2003 WL 21458240 (M.S.P.B. June 19, 2003). Jordan timely sought review in this court. We have jurisdiction pursuant to 38 U.S.C. § 4324(d)(1).

## DISCUSSION

We sustain a decision of the Board unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). " 'Substantial evidence' is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Pyles v. Merit Sys. Prot. Bd.*, 45 F.3d 411, 414 n. 2 (Fed. Cir.1995) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Jordan argues that the Board erred in rejecting his USERRA claim. However, the administrative judge credited the testimony of Jordan's supervisors over Jordan's testimony and held that Jordan had not satisfied his burden under USERRA of establishing that his military service was a substantial motivating factor in his removal. *See Sheehan*, 240 F.3d at 1013 ("The procedures established by precedent require an employee making a USERRA claim of discrimination to bear the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action.") (quoting *NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 400, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983)). The Board's decision in this respect is supported by substantial evidence.

Jordan also argues that the Board improperly failed to consider a case review by Deputy District Attorney Judith O'Leary ("O'Leary"), who declined to prosecute Jordan for fraud related to his mis-

representations to the USPS. However, the case review was in the record before the administrative judge, and the administrative judge's denial of Jordan's untimely request to call O'Leary as a witness was well within his discretion.

Therefore, the Board correctly denied the relief requested.

## CONCLUSION

For the foregoing reasons, the order of the Board is affirmed.

COSTS

No costs.