NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3385

CHARLES R. JORDAN,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED:  March 10, 2006

_____

Before NEWMAN, RADER, and PROST, Circuit Judges.

PER CURIAM.

Charles R. Jordan petitions for review of the final decision of the Merit Systems Protection Board (the "Board") which dismissed his claim that the United States Department of Labor ("Labor") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (the "USERRA") for lack of jurisdiction.  Jordan v. Dep't of Labor, No. SF3443050161-I-1 (M.S.P.B Sept. 2, 2005).  We affirm.

BACKGROUND

Mr. Jordan was employed by the United States Postal Service (the "USPS") as a letter carrier, and was also a member of the United States Air Force Reserve.  Mr.

Jordan was ordered to active reserve duty status in Cuba from December 14, 1994 to March 16, 1995. Instead of seeking military leave from the USPS, Mr. Jordan requested sick leave, annual leave, and leave without pay. Mr. Jordan's supervisor, believing that Mr. Jordan had deliberately misrepresented his physical condition in order to receive paid leave from the USPS while also being paid for military service, reported that belief to his superiors. Subsequent investigation resulted in Mr. Jordan being charged with misrepresenting his physical abilities to perform available duties, falsification of a form, and misrepresenting a request for leave. On July 1, 1995, Mr. Jordan was removed from his position with the USPS based upon those charges.[1] His removal has previously been sustained twice on appeal to this court. See Jordan v. Merit Sys. Prot. Bd., No. 00-3046, 2000 WL 380097 (Fed. Cir. Apr. 12, 2000); Jordan v. U.S. Postal Serv., No. 03-3237, 2003 WL 22872527 (Fed. Cir. Dec. 4, 2003).

Mr. Jordan was not an employee or applicant for employment with Labor, although Labor administers claims for compensation for work-related injuries for federal employees under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. During and subsequent to his employment with the USPS, Mr. Jordan filed a number of claims for compensation with Labor, including claims for a right foot injury, right carpal tunnel syndrome, right rotor cuff sprain, carpal tunnel syndrome (unspecified), left lateral epicondylitis, mental stress, and tumors in his left colon.

On November 22, 2004, Mr. Jordan filed the present appeal to the Board, alleging that Labor was in violation of the USERRA. On November 30, 2004, the

---

[1] Mr. Jordan, however, asserts that he was not dismissed for cause, but rather given disability retirement status.

administrative judge ordered him to show cause as to why his appeal should not be dismissed for lack of jurisdiction because it did not appear that Mr. Jordan had ever been employed by Labor. In response, Mr. Jordan argued that Labor "had an improper motive and conspired with the U.S. Air Force to be the cause of denial of benefits," and that his "removal as a letter carrier, were [sic] just a smoke screen for the real reason, 'discrimination because of . . . [his] military service.'" Jordan v. Dep't of Labor, No. SF3443050161-I-1, slip op. at 4 (M.S.P.B. Dec. 17, 2004) ("Initial Decision").

On December 17, 2004, the administrative judge issued an initial decision dismissing Mr. Jordan's appeal for lack of jurisdiction. The administrative judge noted that the Board lacked jurisdiction over Mr. Jordan's claims because he had neither alleged nor shown that he was ever employed by Labor, and thus could not assert a USERRA claim against that agency. Initial Decision, slip op. at 2-3. Additionally, the administrative judge noted that to the extent that his claim might be read as an appeal of his removal as a letter carrier with the USPS, that matter had already been litigated and was barred by the doctrine of res judicata. Initial Decision, slip op. at 3-4. Accordingly, the administrative judge dismissed for lack of jurisdiction.

Mr. Jordan filed a petition for review of the initial decision with the full Board. The Board denied his petition for review making the administrative judge's initial decision the final decision of the Board.

Mr. Jordan timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute. This court reviews the record and holds unlawful any "agency action, findings, or conclusions" found to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence;

5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

The USERRA prohibits discrimination in employment on the basis of military service. The operative provision, 38 U.S.C. § 4311(a), provides that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a) (2000) (emphasis added). This court has held that such language "makes clear that the 'benefit of employment' that cannot be lawfully deprived by an employer is one that flows as a result of the person's employment by the employer in question." Thomsen v. Dep't of Treasury, 169 F.3d 1378, 1381 (Fed. Cir. 1999).

In this case, Mr. Jordan's employer was the USPS. As correctly noted by the administrative judge in the initial decision, Mr. Jordan did not allege that he was employed by Labor or that he was an applicant for employment with Labor. Accordingly, he has failed to raise a USERRA claim against "an employer" as required by the statute.

05-3385                          4

Additionally, to the extent that Mr. Jordan's claim could be read as a USERRA claim against the USPS, any relief would be barred by res judicata (i.e., claim preclusion) because the same parties (i.e., Mr. Jordan and the USPS) previously litigated the same issues upon "the same set of transactional facts" which led to a final judgment on the merits of his previous claim.[2]  Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000) (citation omitted).  Thus, Mr. Jordan cannot relitigate his USERRA claim against the USPS.

CONCLUSION

The Board lacked jurisdiction to entertain Mr. Jordan's USERRA claim against Labor because Labor was not Mr. Jordan's employer under 38 U.S.C. § 4311(a). Accordingly, the Board's final decision is affirmed.

---

[2]  The Board and this court have already denied Mr. Jordan's USERRA claim against the USPS after a review of the merits.  Jordan v. U.S. Postal Serv., 90 M.S.P.R. 525, 527-28 (2002), 94 M.S.P.R. 482 (2003) (Table), aff'd, 82 F. App'x 42 (Fed. Cir.), reh'g denied (Jan. 13, 2004).