# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIRK P. PONDER,
    Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
DA-0752-13-0201-I-2

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kirk P. Ponder, Universal City, Texas, pro se.

Charles R. Vaith, Esquire, JBSA-Randolph, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from the position of Aircraft Worker based on the charge of medical inability to perform the essential functions of his position.  MSPB Docket No. DA-0752-13-0201-I-1 (I-1), Initial Appeal File (IAF), Tab 5, Subtabs 4a, 4e.  The appellant appealed the agency's action, and initially, the administrative judge dismissed the appeal without prejudice to refiling pending a decision on the appellant's application for disability retirement.  I-1, IAF, Tab 18.  The appellant refiled his appeal, indicating that he did not meet the criteria for disability retirement.  MSPB Docket No. DA-0752-13-0201-I-2 (I-2), IAF, Tab 1.

¶3      The administrative judge adjudicated the removal action.  I-2, IAF, Tab 12, Initial Decision (ID).  He found that the agency proved its charge.  ID at 2-8.  He found that the agency established that the appellant's job was to maintain aircraft, and, in 2009, he suffered a seizure and was found disoriented while on the flight line.  ID at 2.  He found that the appellant acknowledged that, after the seizure, he could not perform aircraft maintenance work and was not safe on the flight line.  ID at 7.  He found that the appellant's mental deficiencies as observed by his supervisor and coworkers are undisputed and there is no foreseeable end to the

effects of the appellant's illness on his ability to perform the duties of his position. ID at 7-8.

¶4 The administrative judge also found that the appellant failed to show that the agency's action was the result of disability discrimination. ID at 8-11. He found that the appellant established that he had a disability. ID at 10. However, he found that there was no evidence that a vacant position to which the appellant could be reassigned was available at the time the personnel office conducted a search for one. ID at 10. Further, the administrative judge found that the appellant's condition made it unlikely that he could have performed the essential functions of any position for which he qualified. ID at 11. He found that there was no evidence that the appellant's mental condition would allow him to consistently perform any tasks, no matter how menial, with any degree of reliability. ID at 11. Thus, the administrative judge found that the appellant failed to show that he was a qualified individual with a disability and failed to meet his burden to prove discrimination on the basis of disability. ID at 11.

¶5 Finally, the administrative judge found that the agency established that the appellant's removal promotes the efficiency of the service and is reasonable in this case. ID at 12-14. He found that the agency established a nexus between the appellant's medical condition and the observed deficiencies in his performance. ID at 12. He found that the agency showed that the appellant presented a danger to himself and others by his mere presence on the flight line. ID at 12. He also found that the deciding official considered the relevant factors and properly concluded that the appellant could not be returned to flight-line duties. ID at 14.

¶6 In his petition for review, the appellant does not disagree with the administrative judge's findings that the agency proved its charge and that the appellant failed to prove disability discrimination. Rather, he indicates that he is now in receipt of disability retirement and that he wants to point out a few errors in the initial decision. Petition for Review File, Tab 1. For instance, he states that the administrative judge misstated his grade, did not state the name of his

therapist, and once misstated the date that the appellant suffered his seizure. An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Even if the appellant has identified some factual misstatements in the initial decision, these adjudicatory errors were harmless because they do not involve material facts in dispute. *See Jordan v. U.S. Postal Service*, 90 M.S.P.R. 525, ¶ 9 (2002), *aff'd*, 82 F. App'x 42 (Fed. Cir. 2003). In any event, as explained below, we find that the administrative judge properly found that the agency proved its charge, the appellant failed to prove disability discrimination, and the penalty was reasonable.

¶7        When, as here, the appellant does not occupy a position with medical standards or physical requirements or subject to medical evaluation programs, to establish a charge of physical inability to perform, an agency must prove a nexus between the employee's medical condition and observed deficiencies in his performance or conduct or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 25 (2014). In determining whether the agency has met its burden, the Board will consider whether a reasonable accommodation exists that would enable the employee to safely and efficiently perform the core duties of the position. *Id.*

¶8        In this case, the administrative judge correctly applied this standard. In finding the charge sustained, the administrative judge properly found that the agency proved a nexus between the appellant's mental disability and observed deficiencies through its evidence that he was found disoriented on the flight line after his seizure, was subsequently so unsure of his work on aircraft that he refused to certify that it was done properly, and was even unable to properly perform the light duty to which he was assigned of recording flight information from pilots after their flights. The administrative judge properly found that the agency's evidence established a high probability, given the nature of the work

involved in aircraft maintenance, that his condition might result in injury to the appellant or others. He also properly found that this evidence established that the appellant could not perform his aircraft maintenance duties with or without accommodation.

¶9 Notwithstanding that the agency has proved its charge of inability to perform the duties of a position, the agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. 29 C.F.R. § 1630.9(a). Reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions. *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). Reasonable accommodation may also include reassignment. *See White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 14 (2013). Reassignment is the reasonable accommodation of last resort, which is only required after it has been determined that there are no effective accommodations that will enable the employee to perform the essential functions of his current position, or that all other reasonable accommodations would impose an undue hardship. *Id.*, ¶ 14 n.5. In order to establish disability discrimination, an employee must show that: (1) he is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) he is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller*, 121 M.S.P.R. 189, ¶ 13.

¶10 The administrative judge found that the appellant is an individual with a disability based on his testimony that he suffered a stroke in 2009 and evidence of its effect on his ability to function. For instance, the appellant testified that he did not keep an appointment for a neurological evaluation that had been scheduled by the agency because he got turned around in the neurologist's

building and did not remember where he was going. ID at 7. The appellant also failed to establish that he is a qualified individual with a disability, i.e., that he could perform the essential functions of his aircraft maintenance position with or without accommodation. *See* 29 C.F.R. § 1630.2(m). The appellant additionally failed to show that a vacancy existed in the reassignment position that he sought, distributing tools. Thus, the administrative judge properly found that the appellant did not establish that the agency violated its duty of reasonable accommodation.

¶11    When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Woebcke*, 114 M.S.P.R. 100, ¶ 7. We agree with the administrative judge that the deciding official considered the *Douglas* factors and, considering the appellant's duties around aircraft and his inability to stay focused enough to stay out of the danger area, the deciding official properly concluded that he could not retain the appellant in his position.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

### Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:                _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.