Arthur A. **MAULE**, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent.

Appeal No. 86–1610.

United States Court of Appeals, Federal Circuit.

March 9, 1987.

Karon D. Ramsey, Kansas City, Mo., argued for petitioner.

Michael Martin, Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on the brief were Llewellyn M. Fischer, Acting General Counsel, Mary L. Jennings, Associate General Counsel for Litigation and David C. Kane, Reviewer for Litigation.

Before RICH, DAVIS and NIES, Circuit Judges.

NIES, Circuit Judge.

Arthur A. Maule seeks review of the final decision of the Merit Systems Protection Board, Case No. SL300A8610098, 31 M.S.P.R. 26, dismissing his appeal for lack of jurisdiction. We vacate and remand.

I

Maule, a GS–11 Computer Programmer Analyst employed by the Department of Agriculture (the agency) and an Air Force Reservist, was on active duty in Turkey from June 25, 1984, to July 7, 1984, plus required travel time, a period asserted by Maule to be sixteen days. Within that time

---

frame, the agency had the Office of Personnel Management (OPM) put out public notices to recruit qualified applicants for six positions of Computer Systems Programmer, GS–12. Three positions were open during the period June 28, 1984, to July 5, 1984, and three (apparently increased to five) from June 27, 1984, to July 3, 1984. It was the role of OPM, in connection with filling these positions, to establish a register by open competitive examination of applicants whom OPM determined were qualified, and to provide the agency with a list, termed a "certificate," of names from the register. Per the notices, OPM's evaluation of an applicant's training and experience was the "examination for the position." The positions had to be filled from the OPM "certificate."

Upon returning to work on July 9, 1984, Maule learned of the posting of these positions and promptly, on July 10, 1984, as well as on a number of other dates in July and August, contacted OPM to submit his application. By OPM regulation, 5 C.F.R. § 332.312,[1] which is amplified in the Federal Personnel Manual (FPM) Chapter 332, Subchapter 3–2e (1981), a reservist on extended active duty is entitled to be considered for an existing register or a register which is about to be established even though the application is not timely filed. Subchapter 3–2e requires that such a reservist must file the application "within 120 days after his/her release from duty and before expiration of the register established as a result of the examination." In this case OPM refused Maule's request to accept his application for reasons which are unclear, although facially Maule appears to be qualified for the position and for the extension.

On July 20, 1984, OPM issued, for each announcement, a certificate which was valid until August 20, 1984. As a result of

OPM's refusal to accept his application, Maule's name was, of course, on neither list. The agency notified OPM of its selections from the lists on August 16, 1984.

Maule received a written determination by OPM confirming its initial refusal to reopen the register. OPM first justified its decision on the ground that Maule had only a five-point veteran's preference, which precluded him from qualifying under 5 C.F.R. § 332.311. Pressed by Maule to consider his entitlement under the absent reservist provision, 5 C.F.R. § 332.312(b), on reconsideration OPM without explanation again denied Maule's right to reopen.

Concurrently, Maule sought other avenues of relief. Before leaving for his tour of duty, Maule had filed a form (on June 22, 1984) with his agency to be considered automatically for any appropriate vacancy. On July 20, 1984, he filed a grievance asserting, *inter alia*, that the agency had failed to honor his standing request and had "preselected" certain term employees whom the personnel officer helped apply. Only such persons were in fact hired. The agency denied his grievance. OPM agreed with the agency and advised Maule:

> [B]ecause these were examinations open for competition by the general public, the provisions of the agency merit promotion program were not applicable, and the agency was not obliged to insure that you received automatic consideration for these positions.

These facts are not directly pertinent to Maule's attempt to bring OPM into the case, but are necessary to an understanding of the MSPB decision.

Having exhausted all administrative procedures for relief, including a complaint to the Special Counsel of MSPB, Maule, *pro se*, appealed to the MSPB, naming the Department of Agriculture as his adversary

---

**1.** 5 C.F.R. § 332.312 reads in pertinent part:
Subject to the time limits and other conditions published by OPM in the Federal Personnel Manual, the following persons are entitled to file applications for open competitive examinations after the *closing date for receipt* of applications when there is an existing register or a register about to be established:
....

(b) An employee of the Federal Government who, as a member of a reserve unit of the military service, could not file an application during the filing period, or appear for an assembled examination, because of active duty beyond 15 days with the military service even though the duty is designated for training purposes....

but asking as relief that the MSPB set aside the selections and order reopening of the register to give him a chance to compete.

The agency moved to dismiss for lack of jurisdiction on the ground that Maule's failure to be considered and promoted by the agency was not an appealable adverse action. Upon receipt of the MSPB's order to show cause, Maule hired counsel who promptly responded and, *inter alia*, requested amendment of the appeal to the MSPB to make OPM a party, asserting that OPM's action in failing to accord Maule the benefit of FPM Chapter 332, Subchapter 3–2e and to reopen the register was appealable under 5 C.F.R. § 300.-104(a).[2]

The presiding official ruled that the agency's non-selection of Maule for promotion was not an appealable adverse action and that the employment practice at issue, preselection, was applied by the agency, not OPM. The presiding official concluded, therefore, that the board lacked jurisdiction and granted the government's motion to dismiss. No mention was made of OPM's action in refusing to reopen the register. Maule sought review by the full board, again asserting that the pivotal issue was the appealability of OPM's refusal. The full board denied Maule's petition stating that

> Appellant had no Part 300 right of appeal to the Board because his failure to be selected for the position was within the control of the agency involved and did not concern a matter applied to him by the Office of Personnel Management. *Roeder v. Office of Personnel Management,* [3 MSPB 467] 3 M.S.P.R. 387 (1980).

It is this decision of the MSPB that is before us.

## II

Maule asserts on appeal that the MSPB's decision does not fully resolve the issue of its jurisdiction. Maule asserts that he is not seeking review of his non-selection. Clearly he is not asking that we second-guess the agency with respect to which of the candidates the agency should have hired. It appears that the issues may have been confused by Maule's initial broad brush attack on all of the alleged wrongs he could possibly assert against the agency and OPM. Nevertheless, it is not difficult to sift through his complaints and discern that Maule raised an important question from the *very beginning* which the board has never addressed: Did OPM apply an employment practice to appellant within the meaning of 5 C.F.R. § 300.103. If so, the jurisdiction of the board is established by 5 C.F.R. § 300.104(a).

The board held that Maule had no appeal right because his failure to be selected was within the "control of the agency" and, thus, did not concern a matter applied to him by OPM. Contrary to this reasoning, the agency did not "control" Maule's non-selection. It had no option even to consider Maule. The pivotal decision was that of OPM that Maule was not entitled to the benefits of 5 C.F.R. § 332.312(b). OPM, not the agency, refused to afford the benefits of that provision to Maule.

The government also argues that even if OPM applied an employment practice to Maule, OPM's involvement in Maule's non-selection is minimal. As indicated, that argument misses the mark. The issue is not his non-selection, but his being denied an opportunity to compete. That denial is entirely attributable to OPM. OPM's responsibility is total, not *de minimis*.

**2.** The board's appellate jurisdiction is based on 5 U.S.C. § 7701, which provides: "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." Examples of jurisdiction conferred by regulation include the board's authority to hear certain probationers' appeals (5 C.F.R. §§ 315.806, 315.-908), and appeals concerning reductions-in-force (5 C.F.R. § 351.901), and reemployment rights (5 C.F.R. § 352.209). 5 C.F.R. § 300.-104(a) provides:

> *Employment practices.* A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations.

## III

The question remains whether the action by OPM is an "employment practice" within the meaning of 300.104(a).

The government at oral argument acknowledged that "the basic question is was there an employment practice, was it applied to [Maule], was it applied by OPM, and was it violative of 5 C.F.R. § 300.103." We have concluded that the refusal to reopen the register was applied to Maule by OPM. The government suggested, also at oral argument, that we can decide that OPM's refusal to afford Maule the benefit of subchapter 3 is not an "employment practice" within the meaning of 5 C.F.R. § 300.104(a). The government argued that an employment practice relates only to "a substantive judgment on the qualification" of applicants. That standard is reminiscent of that offered by the government and rejected by this court in *Dowd v. United States*, 713 F.2d 720, 723 (Fed.Cir.1983). There, this court rejected an interpretation of "employment practice," restricted to "examinations, measurement tools, and qualifications directly relating to merit." *See also Lackhouse v. Merit Systems Protection Board*, 734 F.2d 1471, 1474 (Fed.

Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 1271, 89 L.Ed.2d 580 (1986). The government attempted to distinguish *Dowd,* asserting that the time-in-grade requirement considered in *Dowd,* although not meeting the definition rejected in *Dowd,* meets its newly preferred definition of "employment practice." According to the government, "employment practice" does not include "a mere procedural decision," such as OPM's refusal to reopen the register for Maule. These arguments should have been addressed to the board. We deem it appropriate for the board to consider them in the first instance.

Accordingly, we vacate the board's decision that it has no jurisdiction in this case and remand with the direction to substitute OPM for the agency as the party in interest and to determine whether OPM's action constituted an "employment practice."

VACATED AND REMANDED.