BRYSON, Circuit Judge,
with whom LOURIE, RADER, and DYK, Circuit Judges, join, and with whom SCHALL and LINN, Circuit Judges, join in part,
dissenting.*
I respectfully dissent as to both issues in this case. With respect to the first issue— whether equitable tolling may apply to the 15-day limitations period under the Veterans Employment Opportunities Act of 1998 (“VEOA”), Pub.L. No. 105-339 — 1 join Judge Moore’s dissent. With respect to the second issue — whether a complainant has an automatic right to a hearing before the Merit Systems Protection Board under the Uniformed Services Employment and Reemployment Rights Act of 1994 (“US-ERRA”), Pub.L. No. 103-353 — 1 dissent from the court’s disposition for the reasons set forth below.
The Board’s USERRA regulation provides, and the Board has consistently held, that USERRA complainants have no absolute statutory or regulatory right to a hearing, but that hearings may be conducted at the discretion of the administrative judge presiding over the proceeding. The Board’s consistent practice under its US-ERRA regulation has been to direct its administrative judges to hold hearings in USERRA cases when there are disputed issues of material fact, but not to require hearings in every case in which one is requested. See, e.g., Wooten v. Dep’t of Veterans Affairs, 102 M.S.P.R. 131, 135-36 (2006); Perih v. Dep’t of Veterans Affairs, 102 M.S.P.R. 454, 457 (2006); Mills v. Dep’t of Transp., 101 M.S.P.R. 610, 614 (2006); Jordan v. U.S. Postal Serv., 90 M.S.P.R. 525, 529 (2002), aff'd, 82 Fed.Appx. 42 (Fed.Cir.2003).[1]
Judge Mayer’s opinion takes the position that the right to a hearing before the Board in USERRA cases is guaranteed by both the USERRA statute itself, 38 U.S.C. § 4324, and by the statute that gives the Board jurisdiction over appeals from agency decisions, 5 U.S.C. § 7701. Judge Moore’s concurring opinion disagrees with that statutory analysis but takes the position that the right to a hearing is created by Board regulation. I disagree with both views and conclude that, as the Board has consistently held, neither those statutes nor the Board’s regulations provide an automatic right to a hearing in USERRA cases. Even if the statutes and regula *864 tions are considered unclear on this point, the Board’s interpretations of the pertinent statutes and its own regulations are entitled to deference under well-established principles of administrative law. The Board’s resolution of the USERRA hearing issue should therefore be upheld.
I
The analysis begins with 5 U.S.C. § 7701(a), which provides that “[a]n employee or applicant for employment may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.” Section 7701 sets forth a number of procedural rights that attach to matters that are appealable to the Board. For present purposes, the most important is that the appellant has the right “to a hearing for which a transcript will be kept.” Id. § 7701(a)(1).
A
The statutory trigger for applying section 7701 and its prescribed procedures is that the action must be “appealable to the Board under any law, rule, or regulation.” The paradigmatic example of an action that is made “appealable to the Board under any law” is an adverse agency action under 5 U.S.C. § 7512, from which an employee “is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title.” Id. § 7513(d). There are a number of other actions that are also made appealable to the Board under section 7701, such as those in which appeals are authorized under 5 U.S.C. §§ 3593(c)(2) (appeal from denial of reinstatement in Senior Executive Service), 3595(c) (appeal from removal from Senior Executive Service due to reduction in force), 4303(e) (appeal from reduction in grade or removal for unacceptable performance), 7543(d) (appeal from removal or suspension from Senior Executive Service), 8347(d)(2) (appeal from finding of disability based on mental condition, for employees covered by the Civil Service Retirement System), and 8461(e)(2) (same, for employees covered by the Federal Employees’ Retirement System). In each of those instances, Congress referred to the action before the Board as an “appeal” and expressly referred to the appeal as being subject to section 7701.
In addition to the statutory sources of authority for appeals to the Board, a number of regulatory provisions promulgated by the Office of Personnel Management (“OPM”) authorize section 7701 appeals. This court has listed several examples of Board “jurisdiction conferred by [OPM] regulation,” including “the board’s authority to hear certain probationers’ appeals (5 C.F.R. §§ 315.806, 315.908), and appeals concerning reduetions-in-force (5 C.F.R. § 315.901), and reemployment rights (5 C.F.R. § 352.209).” Maulé v. Merit Sys. Prot. Bd., 812 F.2d 1396, 1398 n. 2 (Fed.Cir.1987); see also Hellman v. Office of Pers. Mgmt., 9 MSPB 839, 10 M.S.P.R. 639, 642-43 (1982). Other OPM regulations that authorize appeals to the Board include 5 C.F.R. §§ 302.501, 330.209, 352.313, 352.508, 352.707, 352.807, and 353.304 (all authorizing appeals to the Board from denials of reinstatement, reemployment, and restoration in various circumstances), 359.805 (authorizing appeals to the Board from improper furloughs), 731.501 (authorizing appeals to the Board from unsuitability determinations), 300.104 (authorizing appeals from applications of unlawful employment practices by OPM), and 839.1302 (authorizing appeals from adverse decisions under Federal Erroneous Retirement Coverage Corrections Act). As this court’s decisions make clear, those OPM regulations are the sources of the right to appeal to the Board; because *865 they make particular actions “appealable to the Board under any ... regulation,” 5 U.S.C. § 7701(a), they are the triggers for applying the section 7701 procedures. See Sturdy v. Dep’t of the Army, 440 F.3d 1328, 1333 (Fed.Cir.2006) (right to appeal from reemployment priority decision established by OPM regulation); Roberto v. Dep’t of the Navy, 440 F.3d 1341, 1353 (Fed.Cir.2006) (same); Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1373 (Fed.Cir.2003) (OPM regulation grants Board jurisdiction over appeal from OPM’s application of employment practices); Maule, 812 F.2d at 1398 n. 2.
Importantly, the Board’s jurisdiction is not limited to the appeals referred to in section 7701. In particular, the Board has jurisdiction over other actions that are not statutorily denominated “appeals,” see 5 U.S.C. § 1221(a) (individual right of action for whistleblower claims), or in which the governing statutes prescribe procedures other than those set forth in section 7701, see 5 U.S.C. § 3330a(d)(l) (VEOA); id. §§ 8347(d)(1), 8461(e)(1) (review of agency action in certain disability retirement cases). One such statute is USERRA, which provides that a person claiming to have been denied a right created by the ■statute “may submit a complaint against a Federal executive agency or the Office of Personnel Management,” which will be adjudicated by the Board. 38 U.S.C. § 4324.
The USERRA statute does not refer to the proceeding before the Board as an “appeal,” and it does not refer to section 7701 as providing the procedures for adjudicating USERRA complaints before the Board. Therefore, section 7701 does not confer an absolute right to a hearing before the Board in USERRA cases. Such a right, if conferred by statute, must be found in the USERRA statute itself. Contrary to the position taken in Judge Mayer’s opinion, however, the USERRA statute does not confer such a right. Although the USERRA statute refers to the possibility of a hearing on a complaint brought before the Board, 38 U.S.C. §§ 4324(c)(1), 4324(c)(4), it does not state that the complainant has an automatic right to a hearing. Section 4324(c)(1) of USERRA provides that the Board “shall adjudicate any complaint brought before the Board” pursuant to USERRA and refers to a person “who seeks a hearing or adjudication by submitting such a complaint.” 38 U.S.C. § 4324(c)(1). Nothing in that formulation, however, gives complainants an absolute right to a hearing, just as the general run of administrative statutes that provide for a hearing have not been construed to require an automatic hearing in the absence of a material factual dispute. See note 1, supra. Instead, section 4324(c)(1) simply echoes the language used in the Board’s general authorizing statute, 5 U.S.C. § 1204(a)(1), which gives the Board authority to “hear, adjudicate, or provide for the hearing or adjudication of all matters within the jurisdiction of the Board,” a provision that plainly does not confer an absolute right to a hearing in every proceeding before the Board.
B
As the Board points out in its amicus curiae brief, the fact that Congress chose to grant the Board specific authority to create procedures for USERRA proceedings is further evidence that Congress regarded USERRA proceedings as not being governed by section 7701. Section 7701 already has a provision granting the Board authority to adopt procedures for appeals governed by that statute. If USERRA proceedings fell within section 7701, the USERRA provision giving the Board the authority to promulgate procedural regulations, 38 U.S.C. § 4331(b)(2)(A), would be redundant.
*866 The legislative background of section 4331(b)(2)(A) supports the inference that Congress intended for the Board to be able to prescribe different procedures for USERRA cases than it employed for section 7701 appeals. The original bill that ultimately became USERRA lacked any provision authorizing the Board to promulgate regulations to govern cases within its new USERRA jurisdiction. In a written submission to the Senate committee, the Board urged that such a provision be included so that it would be clear that the Board could promulgate procedural regulations specific to USERRA cases. The Board explained that “[m]aking the Board’s regulatory power explicit for [US-ERRA] purposes would assure that the Board could issue regulations tailored to the requirements of [USERRA] cases.” Legislation Relating to Reemployment Rights, Educational Assistance, and the U.S. Court of Veterans Appeals: Hearing before the S. Comm. On Veterans’ Affairs, 102d Cong., 1st Sess. 309-10 (1991). The bill was amended as the Board requested. The new provision ultimately became section 4331(b)(2)(A) of USERRA, which the Board invoked in promulgating its new USERRA regulation giving the Board discretion with regard to holding hearings in USERRA cases, 5 C.F.R. § 1208.13(b). Congress’s affirmative response to the Board’s request for specific authorization to promulgate procedural regulations “tailored to the requirements” of USERRA cases is a further indication that Congress did not intend for the new class of USER-RA claims to be governed by the procedures set forth in section 7701 and the Board’s regulation promulgated under the authority of that provision.
C
This court’s cases recognize that the procedures prescribed in section 7701 do not govern all matters before the Board, or even all matters involving Board review of an initial decisionmaker distinct from the Board. An instructive case that addresses the scope of section 7701 is Lindahl v. Office of Personnel Management, 776 F.2d 276 (Fed.Cir.1985). There, the court dealt with the procedures used for appeals from OPM decisions in disability retirement cases under 5 U.S.C. § 8347(d). Congress delegated to the Board the authority to prescribe procedures for such cases, and the Board did so, providing inter alia that in voluntary retirement cases the individual would bear the burden of proof. Lindahl appealed, arguing that section 7701 applied to the disability proceedings, which the Board termed “appeals,” and that the agency should bear the burden of proof, as dictated by section 7701(c). This court rejected that argument. As part of its rationale, the court noted that Congress had given the Board independent statutory authority to prescribe procedures for disability retirement cases and thus could not be deemed to have intended for the section 7701 procedures to apply. 776 F.2d at 278-79. The court reached that conclusion even though the statute at issue in Lindahl referred to the disability proceeding before the Board as an “appeal.” In this case, the USER-RA statute not only provides separate rulemaking authority for the Board but also does not refer to the proceedings before the Board as “appeals.” The argument for finding section 7701 inapplicable is therefore even stronger here than it was in Lindahl.
The differing burden of proof in section 7701 appeals and USERRA cases provides further evidence that USERRA cases are not “appeals” governed by section 7701. Section 7701 provides that in all appeals under that section, with one narrow exception, the agency bears the burden of proof by a preponderance of the evidence to *867 sustain the agency action on appeal. 5 U.S.C. § 7701(c)(1)(B). However, in Sheehan v. Dep’t of the Navy, 240 F.3d 1009, 1013 (Fed.Cir.2001), this court held that in USERRA discrimination cases the employee or applicant who makes a claim of discrimination bears the initial burden of proof of showing, by a preponderance of the evidence, that the employee’s military service was “a substantial or motivating factor” in the adverse employment action, a different standard than that applicable under section 7701(c).[2] If section 7701 covered all proceedings before the Board, including USERRA proceedings, there would be a conflict between the express burden of proof provision of section 7701 and the different burden of proof found to be applicable in USERRA discrimination cases. There was no need for Congress to reconcile the conflicting burdens of proof under the two statutes for the simple reason that USERRA discrimination complaints were not made subject to section 7701.
D
Because section 7701 does not govern USERRA proceedings and because the reference in section 4324(c)(1) of USERRA to a person “who seeks a hearing or adjudication” does not confer an absolute right to a hearing before the Board, neither statute provides a source for the right that Mr. Kirkendall asserts. Even if the reference to a “hearing or adjudication” in section 4324(c)(1) were considered ambiguous, however, the Board has interpreted that language as not granting an absolute right to a hearing. That interpretation, adopted through notice-and-comment rulemaking, is a reasonable one and is therefore entitled to deference under the principles of Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). See United States v. Mead Corp., 533 U.S. 218, 229-30, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001); Hawkins v. United States, 469 F.3d 993, 1000, 1002 (Fed.Cir.2006); Elkem Metals Co. v. United States, 468 F.3d 795, 800-02 (Fed.Cir.2006); Motorola, Inc. v. United States, 436 F.3d 1357, 1364-66 (Fed.Cir.2006).
The Board’s regulations sharply distinguish between appeals governed by section 7701 and other matters within its jurisdiction, such as USERRA cases. In its regulations setting forth the procedures applicable to appeals governed by section 7701, which are found at 5 C.F.R. part 1201 (specifically, at 5 C.F.R. §§ 1201.11-1201.121), the Board relied on 5 U.S.C. § 7701(k), the subsection of section 7701 that authorizes the Board to “prescribe regulations to carry out the purpose of this section.” See 54 Fed.Reg. 53505 (Dec. 29, 1989); 51 Fed.Reg. 25147 (July 10, 1986). Those regulations, like section 7701 itself, provide that an appellant “has a right to a hearing” in an appeal before the Board. 5 C.F.R. § 1201.24(d). The Board, however, has promulgated a separate regulation setting forth the procedures that apply in USERRA proceedings. In adopting that regulation, which is found in 5 C.F.R. part 1208 (specifically, 5 C.F.R. §§ 1208.11-1208.16), the Board relied on 38 U.S.C. § 4331(b)(2)(A), the subsection of the US- *868 ERRA statute that grants the Board authority to prescribe regulations to carry out its activities under USERRA. See 65 Fed.Reg. 5412 (Feb. 4, 2000). The Board has made clear that USERRA proceedings are governed by the regulation in part 1208 to the extent that it supplements or conflicts with the regulations in part 1201. See 5 C.F.R. § 1201.3(b)(1).
Unlike the regulations in part 1201, the USERRA regulation in part 1208 does not provide that a complainant has an automatic right to a hearing before the Board, but instead provides that if the complainant submits a timely request for a hearing, a hearing “may be provided” either on the merits of the dispute or on the issue of jurisdiction. 5 C.F.R. § 1208.13(b). Since promulgating the USERRA regulation in 2000, the Board has consistently interpreted it as giving the Board discretion in determining whether to hold hearings in USERRA cases. See Smith v. Dep’t of Justice, 103 M.S.P.R. 207, 213 (2006); Jordan, 90 M.S.P.R. at 528; Metzenbaum v. Dep’t of Justice, 89 M.S.P.R. 285, 290 (2001). In the absence of a clear statutory directive that hearings be held in USER-RA cases whenever a complainant makes a timely request, the Board’s contrary interpretation is entitled to deference and should be sustained.
II
All this would be straightforward enough, and would seem to leave no room for doubt that the Board has discretion whether to provide a hearing in a USER-RA case, except for one complication. In its regulations, the Board has chosen to divide the universe of actions before it into two categories, “original” and “appellate.” Based on that perhaps unfortunate choice of terms, Judge Moore’s opinion concludes that all the actions the Board classified as within its “appellate” jurisdiction are “appeals” for purposes of section 7701. The Board has made clear, however, that its regulations should not be interpreted in that manner, and it is a mistake for us not to take the Board at its word with respect to the meaning of its own regulations.
A
In the Board’s USERRA regulation, a “complaint” or “action,” as those terms are used in USERRA, is categorized as an “appeal” for purposes of the regulation. 5 C.F.R. § 1208.4(a). But the Board has made clear that by denominating USER-RA complaints or actions as “appeals” for purposes of the regulation, it did not convert USERRA complaints into appeals that fall within section 7701 and are therefore subject to all the procedures mandated by section 7701. The Board explained the matter in detail in a case decided shortly after the Board adopted its USER-RA regulation:
The Board’s statement [in the USERRA regulation] that “appeal” is inclusive in this manner indicates an effort on its part to achieve consistency in describing matters that the Board is authorized to review. It does not purport to suggest that, because USERRA complaints are “appeals,” they are, by definition, ap-pealable to the Board pursuant to 5 U.S.C. § 7701.... In adopting [the US-ERRA] regulation, the Board stated that it was adding USERRA actions to the list of appealable actions (as opposed to those which fall under the Board’s “original jurisdiction”).... There was no suggestion that the Board thereby considered that USERRA actions were appealable under 5 U.S.C. § 7701, and that they were, therefore, covered by 5 U.S.C. § 7702. As noted above, the US-ERRA statute itself did not provide that the Board’s appellate procedures at 5 U.S.C. § 7701 would apply. And the *869 Board’s case law, as it developed, was, and continues to be, wholly consistent with that notion_This is so regardless of whether the Board refers to such claims in its regulations as appeals or complaints. The terminology used simply does not, nor can it, render these matters subject to the statutory provisions of 5 U.S.C. §§ 7701 and 7702 when the USERRA statute itself does not so indicate.
Metzenbaum, 89 M.S.P.R. at 290-92; see also Jordan, 90 M.S.P.R. at 529 n. 2 (US-ERRA complaints are not adjudicated under 5 U.S.C. § 7701, and therefore section 7701’s prohibition against summary judgment does not apply); Bodus v. Dep’t of the Air Force, 82 M.S.P.R. 508, 516 (1999) (USERRA complaints are not appeals, but petitions for remedial action).
As the Board explained, its procedural regulations in 5 C.F.R. §§ 1201-1208 do not purport to create rights of appeal, either generally or in USERRA cases. Those regulations merely set forth the procedures applicable to cases in which rights of action before the Board are created by other sources, i.e., by statute or by OPM regulation. For that reason, it is not important whether the Board’s regulations call particular proceedings “complaints,” “appeals,” or otherwise. What matters is whether a particular agency action is made “appealable under any statute, rule, or regulation” within the meaning of 5 U.S.C. § 7701(a). That issue is not resolved by looking to the Board’s regulations that govern the procedures to be followed in actions over which the Board has been accorded jurisdiction.
The Board’s regulation that sets forth the components of what it terms its “appellate jurisdiction,” 5 C.F.R. § 1201.3, makes this point clear. Subsection (a) of that regulation enumerates the appeals governed by the procedures of section 7701, describing each of those appeals as being “authorized by law, rule, or regulation,” the triggering language of section 7701. Section 1201.3 then sets forth each of the 20 types of appeals that are authorized by law, rule, or regulation, along with the statute or regulation that authorizes an appeal in each case. For example, section 1201.3(a)(1) refers to appeals from reductions in grade or removal for unacceptable performance, and it then cites the regulatory and statutory source of the authority for taking such appeals (5 C.F.R. part 432 and 5 U.S.C. § 4303(e)). Section 1201.3(a) thus makes clear that it is not section 1201 itself that provides the statutory or regulatory authority for the appeals, and that section 1201 merely lists those cases in which the Board has been granted appellate jurisdiction through other statutory or regulatory authorization. Significantly, the Board does not list USERRA proceedings in section 1201.3(a), which uses the triggering language of section 7701. Instead, USERRA proceedings are listed in 5 C.F.R. § 1201.3(b)(1), a separate subsection of section 1201.3. The Board’s own “appellate jurisdiction” regulation therefore does not characterize USERRA claims as among those in which “appeals are authorized by law, rule, or regulation” and thus governed by the procedures of section 7701.
The subsection of the USERRA regulation that refers to the Board’s jurisdiction reinforces the same point. That subsection, 5 C.F.R. § 1208.2, states that the right to review by the Board in USERRA cases derives from the USERRA statute, 38 U.S.C. § 4324. In order to determine whether the procedures of section 7701 apply, we therefore must determine whether the USERRA statute creates a right of appeal under section 7701. The statute itself makes clear that it does not. The USERRA statute makes no reference *870 to an appeal and no reference to section 7701. Moreover, as noted, the USERRA statute does not invoke the procedures of section 7701, either explicitly or implicitly; instead, the USERRA statute directs the Board to formulate its own regulations governing USERRA proceedings. See 38 U.S.C. § 4331(b)(2)(A). The Board has done so by including a regulatory provision governing when hearings will be afforded in USERRA cases. 5 C.F.R. § 1208.13(b). Section 7701 therefore has no role to play with respect to actions before the Board authorized by USERRA.
B
Interpreting the Board’s USERRA regulation as conferring an automatic right to a hearing is also contrary to the plain language of the regulation and the Board’s consistent interpretation of it. The pertinent subsection reads as follows:
An appellant must submit any request for a hearing with the USERRA appeal, or within any other time period the judge sets. A hearing may be provided to the appellant once the Board’s jurisdiction over the appeal is established. The judge may also order a hearing if necessary to resolve issues of jurisdiction.
5 C.F.R. § 1208.13(b).
That regulation cannot reasonably be read to provide an automatic right to a hearing upon request. The word “may,” which defines the right to a hearing in the regulation, “customarily connotes discretion,” Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005), and we have routinely construed statutes and regulations containing the word “may” as granting discretion to the agency in question, see Green v. Gen. Servs. Admin., 220 F.3d 1313, 1317-18 (Fed.Cir.2000) (the use of the word “may” in an OPM regulation vests agency with discretion); Hubbard v. Merit Sys. Prot. Bd., 205 F.3d 1315, 1320 (Fed.Cir.2000) (use of the word “may” in a statute shows “intent to provide ... broad discretion”). Moreover, the language in the Board’s USERRA regulation stands in sharp contrast with the language the Board uses in its regulations that apply to section 7701 appeals, where the Board simply states that “an appellant has a right to a hearing,” 5 C.F.R. § 1201.24(d).[3]
More importantly, the Board has consistently construed its USERRA regulation as making hearings in USERRA cases discretionary with the Board. See Metzenbaum, 89 M.S.P.R. at 290; see also Smith, 103 M.S.P.R. at 213; Perfilio v. Dep’t of the Air Force, 102 M.S.P.R. 444, 448 (2006); Williams v. Dep’t of the Air Force, 97 M.S.P.R. 252, 254 n. * (2004); Schoch v. Dep’t of the Army, 91 M.S.P.R. 134, 135 (2001); Jordan, 90 M.S.P.R. at 529. It is well settled that an administrative agency’s interpretation of its own regulations is entitled to substantial deference from a reviewing court. See Lyng v. Payne, 476 U.S. 926, 939, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986). Because an agency is the master of its own regulations, the deference we accord to an agency’s construction of its own regulations is even greater than the deference we accord to an agency’s construction of the statute it is charged *871 with enforcing. See Gose v. U.S. Postal Serv., 451 F.3d 831, 837 (Fed.Cir.2006) (“We defer even more broadly to an agency’s interpretations of its own regulations than to its interpretation of statutes, because the agency, as the promulgator of the regulation, is particularly well suited to speak to its original intent in adopting the regulation.”); Cathedral Candle Co. v. U.S. Int’l Trade Comm’n, 400 F.3d 1352, 1363—64 (Fed.Cir.2005) (“[I]t is well settled that an agency’s interpretation of its own regulations is entitled to broad deference from the courts. Deference to an agency’s interpretation of its own regulations is broader than deference to the agency’s construction of a statute, because in the latter case the agency is addressing Congress’s intentions, while in the former it is addressing its own.”). In addition, the Board has been consistent in its interpretation of the regulation governing hearings in USERRA cases, a factor that further enhances the agency’s entitlement to deference with regard to its construction of its own regulation. See Gose, 451 F.3d at 837 (“Deference is particularly appropriate when the agency interpretation has been consistently applied.”).
Given the high degree of deference due, there is no justification for rejecting the Board’s sensible interpretation of its US-ERRA regulation regarding hearings in favor of a much less natural interpretation. The Board’s interpretation of its regulations accords with the plain meaning of the regulations and is not inconsistent with any statute or other regulatory provision. To interpret the Board’s regulations otherwise converts an administrative choice of nomenclature into a creation of rights. That is not what the Board tells us it did, and there is no reason not to defer to the Board’s explanation of what its regulations do. The Board’s regulations do not create a right of appeal with respect to USERRA complaints, and thus do not provide US-ERRA complainants an automatic right to a hearing under section 7701(a)(1).
Because I disagree with the analysis in both of the opinions that make up the majority in this case, I respectfully dissent from the court’s disposition of the USER-RA hearing issue.

 Judges Schall and Linn join this dissent with respect to the USERRA issue.

. The Board's practice in USERRA cases is consistent with the practice of many other federal administrative agencies that have "opted to make available procedures for the summary disposition of adjudicatory matters.” Puerto Rico Aqueduct & Sewer Auth. v. Envtl. Prot. Agency, 35 F.3d 600, 606 (1st Cir.1994); see Costle v. Pac. Legal Found., 445 U.S. 198, 214, 100 S.Ct. 1095, 63 L.Ed.2d 329 (1980) (referring with approval to agency rules requiring a party who seeks a hearing to “tenderf] evidence suggesting the need for a hearing”); State of Pa. v. Riley, 84 F.3d 125, 130 (3d Cir.1996) (administrative hearing not required absent a disputed material issue of fact); 32 Charles Alan Wright & Charles H. Koch, Jr., Federal Practice & Procedure § 8230 (2006).

. In addition to prohibiting discrimination based on military service, see 38 U.S.C. § 4311, USERRA strengthened the prior legal protections for service members seeking restoration to employment, see 38 U.S.C. §§ 4312-4316. The Board has distinguished restoration cases from discrimination cases with respect to the burden of proof, holding that in restoration cases the burden falls on the agency to prove that it met its statutory obligations. See Wyatt v. U.S. Postal Serv., 101 M.S.P.R. 28, 36 (2006); Clavin v. U.S. Postal Serv., 99 M.S.P.R. 619, 622-23 (2005).

. The Board has used similar wording in addressing the right to a hearing in VEOA appeals, 5 C.F.R. § 1208.23(b) ("[a] hearing may be provided”), which the Board interprets as conferring discretion to conduct a hearing, see Sherwood v. Dep't of Veterans Affairs, 88 M.S.P.R. 208, 212-13 (2001). By contrast, in referring to the right to a hearing on the merits of an individual right of action appeal, the Board has stated that the appellant "has a right to a hearing,” 5 C.F.R. § 1209.6(b), the same language that the Board has used in 5 C.F.R. § 1201.24(d), which governs section 7701 appeals.