NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL G. MIRANNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3128

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-13-0527-B-1.

---

Decided:  December 16, 2015

---

PAUL G. MIRANNE, Pensacola, FL, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM

Mr. Paul G. Miranne seeks review of a final decision of the Merit Systems Protection Board ("MSPB") dismissing his appeal for lack of jurisdiction. Because we find that Mr. Miranne's complaint does not sufficiently allege that an employment practice administered by the Office of Personnel Management ("OPM") violated one of the basic requirements of 5 C.F.R. § 300.103, *we affirm*.

BACKGROUND

Mr. Miranne is a Personnel Psychologist with the Department of the Navy ("agency"). In December 2008, Mr. Miranne applied for a Supervisory Personnel Psychologist position with the Naval Education and Training Professional Development and Technology Center. However, Mr. Miranne was not selected for the position.

Mr. Miranne appealed to the Board on April 15, 2013. He alleged that the agency used invalid selection criteria (criteria used to rate and rank candidates) to favor or disfavor specific types of candidates.

After some preliminary proceedings, an MSPB administrative judge dismissed the appeal for lack of jurisdiction because he found that Mr. Miranne had not made a "non-frivolous" allegation that an employment practice administered by OPM violated one of the "basic requirements" for employment practices set forth in OPM regulations. R.A. 10. The Board affirmed, finding that Mr. Miranne "failed to identify an employment practice that OPM administers or an OPM requirement that the agency misapplied." R.A. 3. Mr. Miranne now petitions for review.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). We review the Board's jurisdiction, a question of law, de novo, but review factual determinations

relating to jurisdiction for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## DISCUSSION

The sole issue before us is whether the Board correctly held that it lacked jurisdiction over Mr. Miranne's appeal. "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board," including non-selections for promotion. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998); *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). However, the Board does have limited jurisdiction to hear appeals relating to non-selection that allege "that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement" of merit promotion. 5 C.F.R. § 300.104 These basic requirements are that employment practices must be based on (a) a job analysis identifying the basic duties and qualifications for the position being filled, that are (b) relevant to the performance in that position, and (c) not discriminatory. 5 C.F.R. § 300.103; *see also Vesser v. OPM*, 29 F.3d 600, 603 (Fed. Cir. 1994); *Dowd v. United States*, 713 F.3d 720, 722 n.9 (Fed. Cir. 1983).

Mr. Miranne has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(c)(2). Because Mr. Miranne is challenging employment practices, he must demonstrate: "first, the appeal must concern an 'employment practice [administered by OPM], and second, the employment practice must be alleged to have violated one of the 'basic requirements' for employment practices set forth in 5 C.F.R. § 300.103." *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Prewitt*, 133 F.3d at 887.

Mr. Miranne alleges that the agency's selection criteria used in hiring for the position for which he was not

hired were not in line with the basic requirements laid out in the regulations. The regulations require that "[e]ach employment practice of the Federal Government generally, and of individual agencies, shall be based on a job analysis" identifying the duties of the position and the skills required, that "[t]here shall be a rational relationship between performance in the position to be filled . . . and the employment practice used," and that the "employment practice must not discriminate" on non-merit-based factors. 5 C.F.R. § 300.103. Mr. Miranne alleges that a job analysis was not undertaken for the position being filled and that, as a result, there is little relevance between the selection criteria used for the position and the requirements of the position. *See id.* He further alleges that the selection criteria were "gerrymandered" to improve the outcome of a specific applicant or group of applicants, and were discriminatory. Nowhere in his jurisdictional pleadings does Mr. Miranne point to OPM's involvement with the development of the selection criteria for this particular provision, nor any specific OPM rule or regulation that was applied to him.

We find that Mr. Miranne has not established the Board's jurisdiction. To maintain jurisdiction, "OPM's involvement in an agency's selection process may be sufficient to characterize a non-selection action by that agency as a practice applied by OPM. For that prerequisite to be satisfied, however, OPM's involvement in the selection process must be significant." *Prewitt*, 133 F.3d at 888; *see also Dowd v. Office of Pers. Mgmt., Dep't of Army*, 745 F.2d 650, 651 (Fed. Cir. 1984) (affirming the Board's dismissal for lack of jurisdiction since "OPM played no part in the ineligible rating given to [the] petitioner" and thus *"OPM had not applied* any employment practice to [the] petitioner").

Mr. Miranne argues that "an agency's misapplication of a valid OPM requirement may constitute an appealable

employment practices action." *See, e.g. Mapstone v. Dep't of the Interior*, No. AT-3443-07-0076-B-1, 2008 WL 4435025 (M.S.P.B. Sept. 26, 2008). In other words, Mr. Miranne argues that direct OPM involvement is not required and that because the agency's actions allegedly violated a regulation developed by OPM, OPM is sufficiently involved to satisfy this prong of the jurisdictional requirement.

Although we agree that OPM need not directly be involved, some sort of OPM involvement is necessary so as to not render that requirement a nullity. All of our cases Mr. Miranne cites for this proposition involve an agency's application of a specific OPM policy alleged to be in violation of the basic requirement. *See Prewitt*, 133 F.3d at 887 (listing cases);. We have found jurisdiction only when the appellant showed that OPM made the "pivotal decision" that resulted in non-selection, *see Maule v. Merit Sys. Prot. Bd.*, 812 F.2d 1396, 1398 (Fed. Cir. 1987), or that OPM's promulgation of a rule was the "direct cause" of the agency's action, *see Lackhouse v. Merit Sys. Protection Bd.*, 773 F.2d 313, 315 n.3 (Fed. Cir. 1985). None involved an agency's alleged failure to apply an OPM regulation. We agree with the Board that an alleged failure to implement an OPM regulation does not demonstrate OPM involvement or establish Board jurisdiction.[1]

**AFFIRMED**

COSTS

No costs.

---

[1]    In addition, because we find that the Board correctly concluded that it did not have jurisdiction absent OPM involvement, we find no error in the Board's denial of discovery related to the allegedly defective employment practices.