## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL R. SHUMAKER,
               Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
               Agency.

DOCKET NUMBER
DC-3443-16-0816-I-1

DATE: July 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael R. Shumaker</u>, Fairfax, Virginia, pro se.

<u>Stephanie E. Sawyer</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The appellant applied for the position of Deputy Executive Director, Program Accountability and Risk Management, a Senior Executive Service (SES) position at the agency.  Initial Appeal File (IAF), Tab 1 at 5, Tab 8 at 18-24.  He was informed that his application did not indicate that he met the minimum requirements for the position.  IAF, Tab 5 at 15-16.  The appellant subsequently contacted several agency officials in the Executive Services Division who reviewed his application and confirmed that he lacked the necessary experience for the position.  *Id*. at 10-22.

¶3       The appellant timely filed this appeal, and he requested a hearing.  IAF, Tab 1.  Below, he alleged that the agency officials who reviewed his application violated the basic requirements for employment practices set forth in 5 C.F.R. § 300.103 and agency Management Directive 3030.1 by misreading his résumé, erroneously finding that he did not meet the minimum qualifications for the position, and failing to forward his application to the SES rating panel.  IAF, Tab 5 at 3-4, 10-14.  Without holding the requested hearing, the administrative

judge found that the Board does not have jurisdiction to adjudicate the employment practices used to review the appellant's application for an SES position. IAF, Tab 18, Initial Decision (ID) at 3. The administrative judge found in the alternative that, even if the appellant had been seeking a position in the competitive service, instead of an SES position, the Board lacked jurisdiction over his appeal because it concerned a single unfavorable personnel action rather than a practice or the application of a practice, and he did not show that the Office of Personnel Management (OPM) had any involvement in the administration of the alleged employment practices. ID at 4.

¶4    The appellant has filed a petition for review and a supplemental petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1-2, 4, 7. The agency also has filed a motion to strike the appellant's supplemental petition for review. PFR File, Tab 5. The appellant thereafter filed a motion to request leave to file his supplemental petition. PFR File, Tab 6. We grant the appellant's motion to file a supplemental petition for review, and we deny the agency's motion to strike that submission.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, a nonselection is not appealable directly to the Board.[2] *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 6 (2012). However, an applicant for employment

---

[2] On review, the appellant challenges the administrative judge's characterizing the agency's action as a nonselection, and he submits evidence that the agency canceled the vacancy announcement. *E.g.*, PFR File, Tab 1 at 5, 18, 23. Because we find that the Board lacks jurisdiction over this employment practices appeal, we need not address this evidence or argument.

who believes that an employment practice[3] applied to him by OPM violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 5 (2011); 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practices appeal pursuant to 5 C.F.R. § 300.104(a) when the following two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation[4] that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Burroughs*, 116 M.S.P.R. 292, ¶ 15; *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008).

¶6        The appellant asserts on review that the regulation at 5 C.F.R. § 300.101 allows him to challenge an employment practice that affects his selection to any initial appointment within the Federal Government, including to an SES position. PFR File, Tab 1 at 6-7. This argument is unavailing. The stated purpose of this regulation is to establish principles to govern employment practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion *in the competitive service*." 5 C.F.R. § 300.101 (emphasis added). Moreover, the Board has held that the regulations at 5 C.F.R. part 300 only apply to the competitive service. *Walters v. U.S. Postal Service*, 65 M.S.P.R. 115, 118 (1994).[5] As the administrative judge noted in the

---

[3] The regulation at 5 C.F.R. § 300.101 states that "the term 'employment practices' includes the development and use of examinations, qualification standards, tests, and other measurement instruments."

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*.

[5] We are not persuaded by the appellant's assertion that the administrative judge improperly relied on *Walters* in the initial decision. PFR File, Tab 1 at 8; ID at 3.

initial decision, positions in the SES are specifically excluded from the competitive service. ID at 3 (citing, among other things, 5 U.S.C. § 2102(a)(1)(C) and 5 C.F.R. § 212.101(a)(1)); *see Dean v. Department of the Air Force*, 620 F. App'x 959, 959 (Fed. Cir. 2015) (per curiam) (explaining that "[c]ivil service positions in the executive branch may be classified as one of several types including: 'competitive service,' 'specifically excepted from the competitive service,' filled through an appointment requiring Senate confirmation, and [SES]").[6] We therefore agree with the administrative judge that the regulations at 5 C.F.R. part 300 do not apply to selecting individuals for SES positions, including the position at issue in this appeal.

¶7    Even if we determined that the position to which the appellant applied was somehow in the competitive service, a different outcome is not warranted. We have considered the appellant's assertion that the agency committed an appealable employment practice when it misapplied a valid OPM requirement under 5 C.F.R. part 300. *E.g.*, PFR File, Tab 1 at 9-17. The appellant states a correct proposition of law, *see, e.g.*, *Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998); *Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table), but he has not persuaded us that the administrative judge erred. Even though the term "employment practice" is to be construed broadly, it does not encompass an individual agency action that is not made pursuant to a rule or practice, such as an irregularity in the selection process. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998); *see Richardson*, 78 M.S.P.R. at 61 (finding that the appellant's challenge to how the agency rated and handled her individual application is not within the Board's jurisdiction). We construe the appellant's contention that the agency

---

[6] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

misread his résumé or experience as an irregularity in the selection process, and the Board therefore lacks jurisdiction to adjudicate such claims in an employment practices appeal. *See Prewitt*, 133 F.3d at 887 (concluding that the alleged error by an agency employee in misidentifying the appellant's race and the race of other applicants "is more aptly characterized as an irregularity in the selection process" and is not an employment practice that is appealable to the Board under 5 C.F.R. § 300.104(a)); *see also Banks*, 59 M.S.P.R. at 160 (holding that the appellant's bare allegation that the agency failed to fully consider his education and experience in making a selection did not establish that the agency subjected him to an employment practice that fell within the Board's jurisdiction).

¶8      We also have considered the appellant's argument that OPM was involved in administering the employment practice because the vacancy announcement was posted on the USAJOBS website. PFR File, Tab 1 at 9-11. This argument is also unavailing. To be appealable, OPM's involvement in administering an agency's alleged employment practice must be "significant." *Prewitt*, 133 F.3d at 888. We are not persuaded that posting the vacancy announcement on the USAJOBS website constitutes "significant" involvement in the agency's selection process by OPM. *Id. Compare Maule v. Merit Systems Protection Board*, 812 F.2d 1396, 1398 (Fed. Cir. 1987) (finding that OPM made a "pivotal decision" that ultimately resulted in the nonselection), *with Dowd v. Office of Personnel Management*, 745 F.2d 650, 651 (Fed. Cir. 1984) (noting that OPM "played no part" in the agency's nonselection). Because we agree with the administrative judge that the Board lacks jurisdiction over this appeal, she properly dismissed the appeal without holding the requested hearing.[7]  ID at 5.

---

[7] In our analysis of the jurisdictional issue, we have considered the supplemental petition for review, which includes a September 2016 report from the Government Accountability Office regarding converting political appointees to career positions and a November 27, 2016 newspaper article which appeared to discuss Congressional concerns regarding converting political appointees to career positions. PFR File, Tab 2

¶9         Finally, the appellant argues that the administrative judge's order to stay discovery and decision to deny his two motions for sanctions constituted an abuse of discretion and affected the outcome of this appeal.  PFR File, Tab 1 at 20-22; IAF, Tabs 13-14, 17.  We disagree.  The Board will not reverse an administrative judge's rulings on discovery matters imposing sanctions absent an abuse of discretion.  *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010); *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  The abuse of discretion standard is "a very high standard" and allows for "great deference."  *Pecard*, 115 M.S.P.R. 31, ¶ 15.  The appellant has not persuaded us that the administrative judge's rulings constituted an abuse of discretion.  Indeed, the appellant has not persuaded us that any evidence that he sought to obtain through discovery would affect our decision on the jurisdictional issue.  *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008) (explaining that the appellant must show how an administrative judge's alleged errors when ruling on discovery matters affected the result reached below), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).  Moreover, the administrative judge found that, contrary to the appellant's assertion in his motions for sanctions, IAF, Tabs 13-14, the agency's response to the acknowledgment order was timely filed, ID at 3.  For these reasons, we conclude that the administrative judge did not abuse her discretion when she issued an order staying discovery and denied the appellant's motions for sanctions.

---

at 9-16, 18-20.  Even if we determined that this information constituted "new" evidence, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  The appellant has not made such a showing.

**NOTICE OF APPEAL RIGHTS**[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  /s/ for
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.