NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERONE GALLOWAY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3203

---

Petition for review of the Merit Systems Protection Board in No. DC300A110607-I-1.

---

Decided: July 18, 2013

---

JERONE GALLOWAY, of Alexandria, Virginia, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were JAMES M. EISENMANN, General Counsel, KEISHA DAWN BELL, Deputy General Counsel, and MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC.

---

Before LOURIE, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Jerone Galloway ("Galloway") petitions for review of the final decision of the Merit System Protection Board ("Board"), which dismissed his appeal for lack of jurisdiction under 5 C.F.R. §§ 300.103 and 300.104. Because the Board lacks jurisdiction over Galloway's petition, we affirm.

## BACKGROUND

Galloway was employed in the U.S. Coast Guard, part of the Department of Homeland Security ("Agency"), as an Integrated Logistics Specialist. In October 2009, Galloway applied for a GS-0340-15 program manager position under vacancy announcement number 09-2382-HQ-JH-M. After two rounds of interviews, the Agency ranked Galloway as the second most qualified remaining candidate. The Agency offered the job to the highest ranked candidate, who declined the offer. Thereafter, Galloway contends, the Agency filled the program manager position pursuant to its direct hiring authority and hired another individual. Galloway alleges that, on May 20, 2010, he met with the selecting official in charge of the vacancy announcement, Ms. Phan, to discuss the status of his application. In that meeting, Ms. Phan allegedly told Galloway that he was not selected because he does not adequately articulate his thoughts to senior leaders, he does not display the capacity for critical thinking, and he is not dependable.

Galloway filed an appeal with the Board alleging that the Agency committed several prohibited personnel practices and violated the merit system principles. The administrative judge's initial decision dismissed Galloway's appeal because the Board does not have jurisdiction over prohibited personnel practices or merit system principles "absent an otherwise appealable claim." Galloway petitioned the Board for review of the initial decision. The Board denied the petition for review but noted

that Galloway also argued that the Board has jurisdiction over his appeal as an employment practice claim under 5 C.F.R. § 300.104. As such, the Board forwarded Galloway's appeal to the Washington Regional Office "for docketing as an employment practice appeal under 5 C.F.R. 300, Subpart A."

In his employment practice appeal, Galloway argued that jurisdiction was proper because (1) the Office of Personnel Management ("OPM") delegated its hiring authority to the Agency and (2) by applying non-merit factors (those articulated by Ms. Phan) only to Galloway, the Agency administered an employment practice that violated the basic requirements of 5 C.F.R § 300.103. The administrative judge again found that the Board lacked jurisdiction. Galloway petitioned the Board for review. The Board agreed with the administrative judge that, even assuming sufficient OPM involvement in Galloway's non-selection, the "procedural irregularities" in the selection process that Galloway identified did not amount to an employment practice that violated one of the basic requirements of 5 C.F.R. § 300.103. As such, the Board denied Galloway's petition. Galloway appealed and we have jurisdiction pursuant to 28 U.S.C § 1295(a)(9).

Our review in an appeal from a decision of the Board is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Dickey v. Office of Pers. Mgmt.,* 419 F.3d 1336, 1339 (Fed. Cir. 2005). We review the question of whether the Board has jurisdiction over an appeal *de novo. See Chadwell v. Merit Sys. Prot. Bd.*, 629 F.3d 1306, 1308-09 (Fed. Cir. 2010); *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed. Cir. 1999).

DISCUSSION

The jurisdiction of the Board is not plenary; its jurisdiction is limited to actions that are designated as appealable to the Board under any law, rule, or regulation. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). For example, an agency's decision to not select a candidate for an open position is generally not appealable to the Board. *Prewitt*, 133 F.3d at 885 (citing *Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1034 (Fed. Cir. 1993) (non-selection for promotion); *Diamond v. United States Postal Serv.,* 51 M.S.P.R. 448, 450 (1991) (non-selection for appointment), *aff'd,* 972 F.2d 1353 (Fed. Cir. 1992).

Galloway has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2). In order to meet this burden, Galloway must demonstrate that the alleged actions constitute an "employment practice" and that OPM was involved in the administration of that practice. 5 C.F.R. §§ 300.101, .104; *Bush v. Office of Pers. Mgmt.*, 315 F.3d 1358, 1360 (Fed. Cir. 2003). In addition, Galloway must make a non-frivolous allegation that the employment practice violated one of the "basic requirements" of 5 C.F.R. § 300.103. *See* 5 C.F.R. § 300.104(a) ("A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations."); *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1373 (Fed. Cir. 2003). Accordingly, we begin with the question of whether Galloway identifies an employment practice applied by the OPM that violated the basic requirements of Section 300.103.

Section 300.101 defines an employment practice as any practice "that affect[s] the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service." 5 C.F.R. § 300.101. Section 300.101 specifically

includes "the development and use of examinations, qualification standards, tests, and other measurement instruments" as employment practices. *Id.*; *Meeker*, 319 F.3d at 1373 (scoring formula for administrative law judge examinations is an employment practice); *Bush*, 315 F.3d at 1360 (OPM decision to develop new administrative law judge examination is an employment practice); *Lackhouse v. Merit Sys. Prot. Bd.*, 734 F.2d 1471, 1474 (Fed. Cir. 1984) (codified rule regarding passing over a preference eligible employee is an employment practice). In addition, we have held that "employment practice" should be construed broadly. *Dowd v. United States*, 713 F.2d 720, 723—24 (Fed. Cir. 1983); *cited with approval in Bush*, 315 F.3d at 1360-61; *Prewitt*, 133 F.3d at 887.

An agency action that is not performed pursuant to a rule, or as part of a practice of some kind, is not an employment practice. *See Prewitt*, 133 F.3d at 887 (racial misidentification is "an irregularity in the section process rather than an application of a specific rule, provision, or policy"); *Wilcox v. Merit Sys. Prot. Bd.*, Nos. 99-3314, 99-3315, 2000 WL 266481, at *3 (Fed. Cir. Mar. 9, 2000) ( non-precedential) (decision to not fill a vacant position, rescind the announcement, and hire a current employee to fill another position in same office not made "pursuant to a rule or practice of some kind").

Galloway argues that the Agency's application of "non-merit" factors (the issues allegedly articulated by Ms. Phan) amounted to an employment practice. Galloway asserts that these factors were not applied to any other candidate, were not included in the vacancy announcement, and should have been assessed as part of the interview process. Galloway argues that application of these factors in this manner amounts to an employment practice because the regulatory definition includes practices that affect the "selection of individuals for . . . competitive promotion in the competitive service" and "includes the development and use of . . . other measurement instruments."

We agree with the Board that the Agency actions at issue do not amount to an employment practice. First, Galloway's non-selection was not the result of the Agency applying a particular rule, policy, or practice. *Prewitt*, 133 F.3d at 887. Galloway fails to identify an Agency practice or rule that prevented him from applying for the vacancy or resulted in his non-selection. To the contrary, the record establishes that Galloway applied for the vacancy, was fully considered, and then not selected.

Second, although Galloway asserts that the Agency applied "non-merit" factors to him alone, the comments attributed to Ms. Phan indicate that his non-selection was, in fact, merit based. As Galloway explained in his brief, "merit factors" are those that reflect a candidate's "ability to perform the job." The attributes allegedly identified by Ms. Phan (an inability to articulate thoughts to senior leaders, an incapacity for critical thinking, and a lack of dependability) would, if true, certainly address Galloway's "ability to perform the job." Ms. Phan's alleged comments, therefore, appear to reflect a merit-based, individual evaluation of Galloway's qualifications for the vacancy, not an application of an Agency practice, rule, or policy.

Third, contrary to Galloway's suggestion, not every action related to "competitive promotion in the competitive service" is an employment practice. *See, e.g.*, *Prewitt*, 133 F.3d at 886-87. Likewise, there is no indication that the Agency developed or used "other measurement instruments" that resulted in Galloway's non-selection. Indeed, the record reveals that Galloway was fully considered, upon merit, and not selected.

Because the Agency actions at issue here were not pursuant to a rule, practice or policy, we agree with the Board that Galloway has not identified an employment practice under 5 C.F.R. § 300. Galloway's failure to identify an employment practice undermines his argument that jurisdiction of the Board arises under 5 C.F.R. § 300.104. We next address whether Galloway has estab-

lished sufficient OPM involvement in the Agency's actions.

In addition to being an employment practice, the actions at issue must have been "applied . . . by the Office of Personnel Management." 5 C.F.R. § 300.104(a). OPM's involvement in an agency's selection process, if significant, may characterize the agency's actions as being "applied . . . by" the OPM. *See Maule v Merit Sys. Prot. Bd.*, 812 F.2d 1396, 1398 (Fed. Cir. 1987) (jurisdiction proper where the OPM made a "pivotal decision" that denied petitioner opportunity to compete for position); *Lackhouse*, 734 F.2d at 1474 (requirement that OPM approve agency's action gave it "critical role" and made jurisdiction proper). When the OPM has a lesser role, jurisdiction is lacking. *See Prewitt*, 133 F.3d at 888 (jurisdiction lacking absent allegation OPM was actively involved in practices at issue); *Dowd v. Office of Pers. Mgmt.*, 745 F.2d 650, 651 (Fed. Cir. 1984) (jurisdiction lacking where the OPM "had simply been brought into the case by the [Board] as the only possible respondent under [5 C.F.R. § 300.104(a)]").

Galloway argues that the necessary OPM involvement is present here because the OPM delegated its selection authority to the Agency and the Coast Guard's instructions regarding the program manager vacancy provide that the instructions shall be used in conjunction with 5 C.F.R. Parts 300 and 335 and appropriate issuances of the OPM. Galloway cites *Lackhouse* as support for his contention. For its part, the Board notes that it appears the Coast Guard generally classifies all positions in concert with OPM guidelines and that this is the full extent of OPM involvement here.

We agree with the Board that Galloway has not demonstrated significant OPM involvement in his non-selection. *See Prewitt*, 133 F.3d at 888. Unlike in *Lackhouse*, there is no evidence of the OPM playing a "critical role" in Galloway's non-selection. *Lackhouse*, 734 F.2d at 1474. Although the Agency may have been generally

operating under OPM regulations, the record does not establish that the OPM had an active role in, or influence over, Galloway's non-selection. In particular, Galloway attributes the application of "non-merit" factors, which forms the basis of his claim, to Ms. Phan, not the OPM. Nor does Galloway suggest that the OPM was involved in applying these factors to him alone. Because Galloway has not demonstrated that the OPM was significantly involved in the actions that form the basis of his claim, we agree with the Board that the necessary OPM involvement is lacking.

Having determined that Galloway has failed to demonstrate either an employment practice or significant OPM involvement, we affirm the Board's decision that it lacked jurisdiction over Galloway's claims and do not address the remaining issues.

## CONCLUSION

Because we agree with the Board that Galloway has not demonstrated either an employment practice or significant OPM involvement, we affirm the Board's decision that it lacked jurisdiction over Galloway's petition.

## AFFIRMED

### COSTS

Each party shall bear its own costs.