UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LIONEL A. NICHOLAS,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-3443-15-1020-I-1

DATE: March 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lionel A. Nicholas, APO, AE, pro se.

David H. Roberts, Esquire, APO, AE, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The appellant appealed the agency's decision to deny his request to assign his position a higher grade of pay, which he described as a "denial of increase of duty promotion."  He argued that he asked the agency to conduct a desk audit of his position, so that it could be evaluated to determine if he were performing duties at a higher grade level, but the agency refused.  Initial Appeal File (IAF), Tab 1 at 6.

¶3  In an acknowledgment order, the administrative judge explained that the Board may not have jurisdiction over the appellant's claim, explained what was required to establish the Board's jurisdiction over a denial of a promotion, and ordered the appellant to file evidence and argument to prove that his claim was within the Board's jurisdiction.  IAF, Tab 2 at 2.  The appellant filed a response detailing the nature of his duties and responsibilities in support of his claim that his position is not properly graded.  IAF, Tab 3.  The administrative judge issued a decision, without holding a hearing, dismissing the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID).

¶4  The appellant has filed a petition for review, making similar arguments concerning the nature of his duties and responsibilities that support his request for

an accretion of duties promotion. Petition for Review (PFR) File, Tab 1. The agency has filed a reply in opposition to the appellant's petition. PFR File, Tab 4.

## ANALYSIS

The Board lacks jurisdiction over the appellant's claim that he is entitled to a promotion due to an accretion of duties.

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all matters alleged to be incorrect. *Roberts v. Department of the Army*, 168 F.3d 22, 24 (Fed. Cir. 1999). As the administrative judge correctly found, and with exceptions not applicable here, the appellant's claims regarding nonpromotion issues are not per se appealable to the Board. *See Walters v. U.S. Postal Service*, 65 M.S.P.R. 115, 118 (1994); ID at 2. We find no reason to disturb the initial decision on that basis.

The Board lacks jurisdiction over the appellant's possible improper classification claim.

¶6        Similarly, the Board does not have jurisdiction over cases concerning the proper classification of a position. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Pavlopoulos v. Office of Personnel Management*, 58 M.S.P.R. 620, 626 (1993). Thus, to the extent that the appellant may be raising an improper classification claim, we find that the Board would lack jurisdiction over the appeal on that basis.

The Board lacks jurisdiction over the appellant's possible "employment practices" claim.

¶7        To the extent that the appellant is arguing that he was subjected to an improper employment practice, we find that he failed to identify any "employment practice" appealable under 5 C.F.R. part 300, subpart A, i.e., 5 C.F.R. §§ 300.101-300.104.

¶8   Under 5 C.F.R. § 300.104(a), "[a] candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management [OPM] violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations." *Bush v. Office of Personnel Management*, 315 F.3d 1358, 1360 (Fed. Cir. 2003).  For an action to be an appealable employment practice, it must constitute an "employment practice" within the meaning of 5 C.F.R. part 300, subpart A, and meet the requirements of 5 C.F.R. § 300.103.  *Maule v. Office of Personnel Management*, 40 M.S.P.R. 388, 393, *aff'd*, 892 F.2d 1050 (Fed. Cir. 1989) (Table).

¶9    For purposes of part 300, subpart A, of 5 C.F.R., "employment practices" are those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service."  5 C.F.R. § 300.101.  Because the appellant has not shown how any alleged improprieties in the supposed reclassification of his position relate to an "initial appointment" or a "competitive promotion," he has failed to show that the purported reclassification involved any appealable employment practice.  *See Kelly v. Office of Personnel Management*, 53 M.S.P.R. 511, 516 (1992) (finding that, to be appealable, an employment practice must concern "an applicant's selection for an initial appointment or [a] competitive promotion[ ]"); *see also* 5 C.F.R. § 300.104(a) (granting Board appeal rights to a "candidate" for employment).

The appellant failed to raise a nonfrivolous allegation that he was constructively demoted.

¶10    To receive a jurisdictional hearing on a claim of constructive demotion, an appellant must nonfrivolously allege that:  (1) he was reassigned without loss of grade or pay; (2) his former position was upgraded; (3) the upgrading was due to issuance of a new classification standard or correction of a classification error; and (4) he met the legal and qualification requirements for promotion to the

upgraded position. *Marcheggiani v. Department of Defense*, [90 M.S.P.R. 212](#), ¶ 7 (2001); *Manlogon v. Environmental Protection Agency*, [87 M.S.P.R. 653](#), ¶ 12 (2001).

¶11     Here, the appellant has failed to establish a fundamental predicate for a possible constructive demotion claim because he has not established that he was reassigned. *See* [5 U.S.C. § 7512](#)(3); *see also Artmann v. Department of the Interior*, [926 F.2d 1120](#), 1123 (1991) ("The employee's grade therefore was reduced when the employee was reassigned at the same grade because, had the position been properly classified at the higher grade, that reassignment would have reduced the grade."); *Russell v. Department of the Navy*, [6 M.S.P.R. 698](#), 700-01, 704-11 (1981).

¶12     Therefore, to the extent that the appellant may be arguing that he was constructively demoted, we find that he has failed to raise a nonfrivolous allegation of such a claim. *See Walker v. Department of the Navy*, [106 F.3d 1582](#), 1584 (Fed. Cir. 1997) (holding that a normally nonappealable reassignment may constitute an appealable constructive demotion).

¶13     Accordingly, we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction.[2]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[2] The administrative judge did not provide the appellant with notice regarding how he could establish jurisdiction over an employment practices claim or on a claim of constructive demotion. Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643‑44 (Fed. Cir. 1985). Here, however, the appellant's vague assertions did not trigger a duty on the part of the administrative judge to provide him with his burdens of proof over this claim.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellant," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellant before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____
William D. Spencer
Clerk of the Board

Washington, D.C.