# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN WOODMASKA,

      Appellant,

        v.

DEPARTMENT OF ENERGY,

      Agency.

DOCKET NUMBER
DC-3443-16-0372-I-1

DATE: September 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Woodmaska</u>, Kearny, New Jersey, pro se.

<u>Saul Ramos</u>, Albuquerque, New Mexico, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal challenging the agency's failure to hire him for a Personnel Security Specialist position. Initial Appeal File (IAF), Tab 1 at 2‑3, 8, 10-11. The appellant alleged that the agency used an ineffective method for communicating the tentative job offer and that the 2-day time limit for responding to the offer was unreasonable. *Id*. at 3. Specifically, he argued that the agency sent a letter to his personal email address tentatively offering him the position, but the agency made no effort to confirm that he received the offer by contacting him at his work email address or by telephone, although the agency had this information and the tentative job offer expired in 2 days. *Id*. The appellant further alleged that he was unable to check his personal email at the public library and respond to the offer before it expired because the library was closed due to a snowstorm and he was precluded from accessing his personal email at work. *Id*.

¶3 The administrative judge issued a show cause order informing the appellant that the Board generally lacks jurisdiction over an appeal of a nonselection. IAF, Tab 4 at 2. The administrative judge advised the appellant that he had the burden of proof on the jurisdictional issue and ordered him to file evidence and argument

to prove that his action was within the Board's jurisdiction. *Id.* The appellant did not respond to the order.

¶4 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1. Specifically, the administrative judge found that the appellant was not entitled to a hearing because he failed to make nonfrivolous allegations that, if proven, could establish Board jurisdiction over the appeal. ID at 1 n.1. The administrative judge further found that the appellant failed to allege any facts that would bring the challenged action within the Board's jurisdiction. ID at 4. In reaching his decision, the administrative judge noted that the appellant did not respond to the show cause order. ID at 3.

¶5 The appellant filed a petition for review reasserting the allegations he made on appeal. Petition for Review (PFR) File, Tab 1 at 2. The appellant also alleges that the agency may be committing a prohibited personnel practice by willfully obstructing the right to compete for employment in violation of 5 U.S.C. § 2302(b)(4). PFR File, Tab 1 at 2. He alleges that the agency's extension of an offer of employment with an "artificially short" response time could result in an abuse of the hiring process by potentially eliminating highly qualified candidates to improve the chances of hiring a "favored or 'connected'" candidate. *Id.*

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a); *Maddox v. Merit Systems Protection Board*, 759 F.2d 9‑10 (Fed. Cir. 1985). The appellant has the burden of establishing the Board's jurisdiction over his appeal. *See* 5 C.F.R. § 1201.56(a)(2).

¶7 It is well settled that the Board generally does not have jurisdiction to review an agency's decision not to select a particular applicant for a position. *Brown v. Office of Personnel Management*, 91 M.S.P.R. 314, ¶ 7 (2002). Exceptions to this rule exist for individual right of action appeals under the Whistleblower Protection Act (WPA) and the Whistleblower Protection

Enhancement Act (WPEA) and for claims under the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C §§ 4301-4333) (USERRA).  *See Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007).

¶8        The appellant has not alleged that the agency retaliated against him for whistleblowing activity in violation of the WPA or the WPEA.  In addition, the appellant is not a preference‑eligible veteran, and he has not alleged claims under VEOA or USERRA.  IAF, Tab 1 at 1, 3.  Thus, the appellant has not shown that he made a nonfrivolous allegation of jurisdiction over his nonselection appeal under any of the three stated exceptions to the general rule.  Moreover, absent an otherwise appealable issue, the Board has no jurisdiction to consider the appellant's allegation that the agency's time-limited, tentative job offer may have been a prohibited personnel practice.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (holding that 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction).

¶9        To the extent that the appellant is arguing that he was subjected to an improper employment practice, we find that he failed to identify any employment practice appealable under 5 C.F.R. part 300, subpart A, i.e., 5 C.F.R. §§ 300.101‑.104(a).  Under 5 C.F.R. § 300.104(a), "[a] candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management [OPM] violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations."  *Bush v. Office of Personnel Management*, 315 F.3d 1358, 1360 (Fed. Cir. 2003).  Pursuant to 5 C.F.R. § 300.101, "employment practices" are defined as "the development and use of examinations, qualification standards, tests, and other measurement instruments."  However, the mere filling of a particular vacancy generally is not an "employment practice" within the meaning

of 5 C.F.R. § 300.101. *See Carroll v. Equal Employment Opportunity Commission*, 6 M.S.P.R. 228, 230 (1981).

¶10    Here, the appellant has alleged that the agency, not OPM, used an unreasonable method of communicating the tentative job offer and that the limited response time was unfair. The appellant's allegation does not fall within the broadly construed definition of an employment practice appealable to the Board under 5 C.F.R. § 300.104(a). *See Carroll*, 6 M.S.P.R. at 230-31 (finding that the appellant had no Board appeal right because her nonselection was within the agency's control and did not concern an employment practice applied to her by OPM). Accordingly, we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27,

2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.