NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID DEAN,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2014-3114

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-13-0327-I-1.

---

Decided: November 7, 2014

---

DAVID DEAN, of Lugoff, South Carolina, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

---

Before PROST, *Chief Judge,* NEWMAN, and TARANTO, *Circuit Judges.*

PER CURIAM.

David Dean, a veteran of the U.S. armed forces, wished to apply for a job as a criminal investigator in the U.S. Air Force Office of Special Investigations. The Air Force set up a number of the positions, however, to require application through a college recruiting program. Mr. Dean challenged the requirement as violating rules requiring public announcements for vacancies in the competitive service, J.A. 12–13; *see* 5 U.S.C. §§ 2102, 3327, 3330, and as denying him rights to veterans' preferences in seeking federal employment, *see* 5 U.S.C. § 3302(1); *Dean v. Office of Pers. Mgmt.*, 2010 M.S.P.B. 213, ¶¶ 15, 28. Because we agree with the Merit Systems Protection Board that the criminal-investigator positions were properly excepted from competitive-service requirements, we affirm the Board's decision dismissing Mr. Dean's appeal.

BACKGROUND

Each civil service position in the executive branch is classified as a "competitive service" position unless it is (1) "specifically excepted from the competitive service," (2) filled through an appointment requiring Senate confirmation, or (3) in the Senior Executive Service. 5 U.S.C. § 2102(a)(1). To fill a competitive-service position, the government uses "open competitive examinations" to make final appointments, 5 C.F.R § 2.1, and it must comply with specified requirements for announcing jobs and selecting applicants, *see* 5 C.F.R. §§ 330.101–330.106; *Nat'l Treasury Emps. Union v. Horner*, 854 F.2d 490, 492 (D.C. Cir. 1988). The rules are different for "excepted service" positions: rather than using "open competitive examinations," the government may use "more flexible and informal procedures . . . to recruit and select new

employees into the excepted service." *Nat'l Treasury Emps. Union*, 854 F.2d at 492.

Congress authorized the President to "prescribe rules governing the competitive service," including rules providing for "necessary exceptions of positions from the competitive service" "as nearly as conditions of good administration warrant." 5 U.S.C. § 3302. The President has delegated the classification authority to the Office of Personnel Management (OPM), 5 C.F.R. §§ 5.1, 6.1, which has promulgated criteria and procedures for an agency's creation of excepted-service positions, *id.* § 6.2.

In 2002, the Air Force sought approval from OPM to except all of its criminal-investigator positions from competitive-service hiring requirements.[1] OPM approved the Air Force's request and published the decision in the Federal Register. *See* 67 Fed. Reg. 60,796, 60,799–800 (2002). The excepted-service designation has been renewed every year since its adoption. *See, e.g.*, 78 Fed. Reg. 4,883, 4,885 (2013).

The Air Force hires a subset of its criminal investigators—approximately 10 per year—through a program called PALACE Acquire. The program recruits entry-level investigators and provides successful applicants three years of on-the-job training. To be selected for one of those positions, an applicant must attend one of the Air Force's recruiting events, which in 2012 were held at three college campuses (in Maryland, Virginia, and Texas). Applications are then scored by a panel of Air Force special agents. Each applicant receives a score based on certain objective criteria plus, where applicable, veterans-

---

[1] This case turns on the facial legality of the Air Force's hiring practices. The characteristics of the hiring practices are not in dispute, and the details of Mr. Dean's application are not pertinent to his appeal. J.A. 22.

preference points based on disability status, producing an interim score that determines whether an applicant proceeds to the second stage of the hiring process.

Mr. Dean filed an appeal with the Merit Systems Protection Board (Board) to challenge the PALACE Acquire program as violating civil-service competition rules and the laws governing veterans' preferences. He asked that all hiring decisions made under the recruiting program be vacated and the positions filled anew in accordance with the competitive-service rules. J.A. 13. The Board denied Mr. Dean's appeal, concluding that the positions identified by Mr. Dean had been properly excepted from the competitive service according to governing regulations and therefore were not subject to the rules governing competitive-service appointments. *Dean v. Dep't of the Air Force*, No. AT-3330-13-0327-I-1, slip op. at 5–6 (M.S.P.B. Jan. 6, 2014). Mr. Dean appeals. We have jurisdiction over pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

According to Mr. Dean, the Air Force recruiting program is unlawful in two ways. First, he argues that the Air Force, by failing to advertise the positions widely on USAJobs.com, violated regulations pertaining to competitive-service positions. Second, he argues that the hiring process gave insufficient credit to disabled veterans, because it did not comply with ranking requirements for competitive-service positions. Mr. Dean acknowledges that his arguments turn on whether the positions made available through the PALACE Acquire program were

subject to the rules governing competitive-service vacancies. J.A. 22. We agree with the Board that they are not.

OPM has been delegated the authority to "determine *finally* whether a position is in the competitive service" or not. 5 C.F.R. § 1.2 (emphasis added). Based on that delegation, the Board concluded that it may review whether OPM, or an agency acting under a further proper delegation of authority, had "made a finding that the position should be excepted from the competitive service for conditions of good administration." *Dean*, No. AT-3330-13-0327-I-1, slip op. at 5; *see Dean*, 2010 M.S.P.B. 213, ¶ 27. When no such finding has been made, the Board may order the offending agency to comply with the rules governing competitive-service positions. *Dean*, 2010 M.S.P.B. 213, ¶ 31. But the Board doubted its authority to override a discretionary classification determination made by OPM when such a determination had, in fact, been made. *Dean*, No. AT-3330-13-0327-I-1, slip op. at 5-6. *Cf. Nat'l Treasury Empls. Union*, 854 F.2d at 495–96 (OPM employment classification decisions may be challenged in U.S. district court under § 706(2)(A) of the Administrative Procedure Act). We see no error in that analysis.[2]

We likewise see no error in the Board's conclusion that OPM had, in fact, made a classification that encompassed the Air Force's PALACE Acquire positions. *Dean*, No. AT-3330-13-0327-I-1, slip op. at 5–6. The Air Force demonstrated, and Mr. Dean did not dispute, that all criminal-investigator positions within the Office of Special Investigations, including those recruited through the PALACE Acquire program, had been approved by OPM as excepted from the competitive service. Thus, the Board

---

[2] Mr. Dean does not argue that the Board had the authority to review OPM classification decisions and improperly declined to exercise it.

did not err in finding that the positions had been excepted from the competitive service. And it followed that the Air Force acted lawfully in not widely announcing the PALACE Acquire positions to the general public—a requirement that does not apply to positions excepted from the competitive service. *See* 5 U.S.C. § 3330; 5 C.F.R. §§ 330.101–330.106; *Dean*, 2010 M.S.P.B. 213, ¶ 27.

Mr. Dean also has not shown that the Air Force acted contrary to any veterans-preference laws or rules. According to the undisputed description of the PALACE Acquire program, as noted above, the Air Force gives veterans-preference points to applicants in this program. In any event, Mr. Dean has not shown that any of the veterans-preference requirements he cites restricted the Air Force's ability to specify the special recruiting qualifications it adopted in making certain criminal-investigator slots excepted-service positions in accordance with OPM standards and procedures.

In short, because the Board properly found that the PALACE Acquire positions had been duly classified as excepted-service positions in accordance with the law, it did not err in concluding that the Air Force did not violate laws and regulations governing competitive-service vacancies or veterans' preferences.

**AFFIRMED**