NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID DEAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2015-3151

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-14-0020-I-1.

---

Decided:  October 9, 2015

---

DAVID DEAN, Lugoff, SC, pro se.

DAVID D'ALESSANDRIS, Commercial Litigation Branch, Civil Division, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before PROST, *Chief Judge,* MOORE and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. David Dean appeals from a decision of the Merit Systems Protection Board ("MSPB") denying his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"). Mr. Dean asserts that the Air Force failed to allow him to compete for employment in 2013 as a criminal investigator for the Air Force Office of Special Investigations. We disagree, and affirm the MSPB's holding.

Civil service positions in the executive branch may be classified as one of several types including: "competitive service," "specifically excepted from the competitive service," filled through an appointment requiring Senate confirmation, and senior executive service. 5 U.S.C. § 2102(a)(1). By default jobs are classified as "competitive service." All Air Force criminal investigator positions are listed within Schedule A of the excepted service and thus exempt from competitive service job posting and category ranking requirements. Resp't App. 48-49 (67 Fed. Reg. at 60, 799-800); 44 (78 Fed. Reg. at 4,885).

Through the Air Force's Schedule A authority, it recruits a small number of candidates through a college campus recruitment program called PALACE Acquire ("PAQ"). Interviews through PAQ are open to the public and applicants are selected based upon a weighted score that includes veteran's status. *See* Resp't App. 40 ("To calculate the weighted score, we applied the following formula to the different factors of the score: CIRB (35%) + Objective Criteria (15%) + Interview Questions (35%) + Observation Criteria (15%) = Weighted Score (100%). To determine the final score, we added the Veteran's preference points to the weighted score."). In 2013 there were three PAQ recruitment events.

Here, Mr. Dean did not attend any of the three 2013 PAQ events and asserts it was impossible for him to

apply. He also argues that he is entitled to a ten point veteran's preference.

This is not the first case Mr. Dean has had before us. In 2012, Mr. Dean filed essentially the same appeal to the MSPB. *See Dean v. Dep't of the Air Force*, 592 Fed. App'x 923 (2014). In a non-precedential opinion we affirmed the MSPB's decision, opining that Office of Personnel Management ("OPM") had properly classified the criminal investigator position, including those filled through PAQ, as being excepted from competitive service. *Id.* at 925. We further concluded that the Air Force did not need to widely announce the PAQ positions to the general public as they were excepted from the competitive service. We also opined that because the PAQ program took into account veteran's preference, Mr. Dean had not demonstrated a violation of veteran preference laws or rules. *Id.* at 924, 926.

We may set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The burden of establishing reversible error in a MSPB decision rests upon the petitioner. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Here there is only one legally relevant fact: criminal investigators were approved as an excepted service position by OPM in 2002, and have been renewed each subsequent year. Mr. Dean does not dispute this fact. Furthermore, Mr. Dean does not contest the administrative judge's conclusion that "OPM is authorized and directed to determine finally whether a position is in the competitive service." Resp't App. 15. The numerous statutes and cases that Mr. Dean lists are not relevant and do not apply to the issue before us.

Therefore, as Mr. Dean has failed to carry his burden, we affirm the decision of the MSPB.

**AFFIRMED**